Luisa de la Haba de R. Fuertes, asistida de su esposo Luciano R. Fuertes, demandantes y apelados, *v.* Gay & Co., S. en C., demandada y apelante.

Núm. 7395.—*Sometido:* Diciembre 16, 1937. *Resuelto:* Febrero 2, 1938.

*González Fagundo & González, Jr.,* abogados de la apelante; *Gabriel de la Haba,* abogado de los apelados.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

En la demanda se alegan tres causas de acción. En la primera, que los demandantes compraron a la demandada el 10 de septiembre de 1931 dos fincas rústicas que se describen, por precio de $4,000, de los cuales pagaron $2,000 con anterioridad al otorgamiento de la escritura y aplazaron el resto para ser pagado, con los intereses a razón del 8 por ciento anual, en dos plazos iguales, a vencer el primero el 30 de junio de 1932, y el segundo el 30 de junio de 1933; que garantizaron el pago del precio aplazado con hipoteca sobre las dos fincas; que en la escritura de compraventa se hizo constar que una de las fincas estaba afecta a diversas cargas que aparecían del registro, y la otra, pendiente de inscripción hasta tanto se tramitara un expediente de dominio; que la sociedad vendedora se obligó a cancelar los gravámenes existentes sobre la primera finca, así como a inscribir el expediente de dominio relacionado con la segunda, lo que hasta el 6 de noviembre de 1933, fecha de la demanda, no había hecho a pesar de las gestiones realizadas en ese sentido por los demandantes, y ofrecimientos de la demandada; que por no haber sido liberada una de las fincas de las cargas que la gravan, ni inscrita a su nombre la otra, se han visto impedidos de venderlas ventajosamente; que por las razones referidas notificaron a la demandada a través del socio gestor don Julio Gay, que consideraban rescindido el contrato de compraventa y solicitaban el reintegro de la cantidad satisfecha a cuenta del precio, con sus intereses y el importe de las mejoras.

En la segunda causa de acción se alega que los demandantes han hecho mejoras en las fincas hasta un total de $676, que no les ha sido reintegrado por la demandada, como tampoco los intereses sobre los $2,000 pagados a cuenta del precio al tipo del 6 por ciento anual desde el día 10 de septiembre de 1931 hasta el 10 de septiembre de 1933, ascenden-

tes a $240, ni tampoco los devengados desde esa última fecha en adelante.

Alegan en la tercera causa de acción que debido a las imperfecciones en los títulos de las fincas se han visto imposibilitados de vender ambas por el precio de $5,000, lo que les ha ocasionado una pérdida de $1,000, que ahora reclaman.

Declarada sin lugar una excepción previa de insuficiencia de la demanda contestó la demandada negando todo lo alegado en la segunda y tercera causa de acción, parte de lo alegado en la primera, de la que aceptan el resto, e interpuso como defensas especiales: primero, que los demandantes sabían que las cargas que pesaban sobre una de las fincas constituían un gravamen sobre otra finca de mayor cabida perteneciente a la United Porto Rican Sugar Co. of Puerto Rico, de la cual fué segregada, y que no podían cancelarse hasta tanto no lo fueran los de la finca principal, para lo cual no se fijó plazo; segundo, que los demandantes no pagaron ni el plazo que venció el 30 de junio de 1932 ni los intereses correspondientes, no estando dicho pago "sujeto a condición alguna en cuanto a inscripción."

Fué el pleito a juicio y el 12 de marzo de 1936 dictó la corte sentencia, dejando sin efecto el contrato de compraventa, decretando la restitución de lo que cada parte recibió en el momento de otorgarse, condenando a la demandada a satisfacer a los demandantes intereses sobre $2,000 al tipo legal y desde que se interpuso la demanda, condenando también a la demandada a pagar a los demandantes $676 invertidos por éstos en mejoras, más las costas, gastos y honorarios de abogado. La demandada apeló para ante esta Corte Suprema y señala siete errores. El primero se dirige contra la resolución de la corte a quo declarando sin lugar la excepción previa, a pesar de que en la demanda no alegan los apelados, como dice la apelante que lo requiere el artículo 127 del Código de Enjuiciamiento Civil (ed. 1930), el haber cumplido el contrato en la parte que a ellos incum-

bía, pagando los plazos vencidos el 30 de junio de 1932 y 30 de junio de 1933.

En la demanda se alega que la sociedad demandada asumió en la escritura de compraventa la obligación de cancelar los gravámenes existentes sobre una de las fincas y de terminar e inscribir el expediente de dominio que se estaba tramitando en relación con la otra. Aunque no aparece que por el contrato escrito se fijara a la demandada plazo para realizar estas gestiones, ello no significa que la demandada podía prolongar indefinidamente o hasta que le pluguiese esa situación. Tan sólo contaba con un término razonable para llevarlas a cabo, y al no hacerlas dentro de él, puso a los demandantes en condiciones de optar entre el cumplimiento o la resolución de la obligación, de acuerdo con el artículo 1077 de nuestro Código Civil. No podía esperar la demandada que los demandantes pagaran el primer plazo que venció en 30 de junio de 1932 cuando a esa fecha habían transcurrido ya nueve meses y veinte días contados desde la fecha de la escritura de compraventa, que es un plazo más que razonable, sin que cumpliera ella las obligaciones que por el contrato se impuso. El artículo 127 del Código de Enjuiciamiento Civil, citado por la apelante, referente a lo que deberá alegar el demandante con respecto al cumplimiento de las obligaciones que le conciernen, es aplicable solamente cuando se trata de condiciones precedentes, o sea de aquellas que el demandante viene obligado a cumplir antes de que pueda tener derecho a exigir a la otra parte contratante el cumplimiento de sus obligaciones. La parte apelante sin duda alguna fué inducida a error por el texto español del citado artículo, traducción defectuosa del texto inglés, que es el que debe prevalecer en casos de conflictos como el que apuntamos. La frase "In pleading the performance of conditions precedent in a contract" fué traducida erróneamente así: "Al alegar el cumplimiento de las condiciones establecidas en un contrato," consistiendo el error en la supresión

de la palabra "precedentes." El pago del primero y segundo plazo no era una condición precedente al cumplimiento de la obligación contraída por la demandada de limpiar de gravámenes una de las fincas y de inscribir el dominio que con relación a la otra estaba en tramitación. Siendo ello así, no tenían los demandantes que alegar en la demanda, como condición precedente al ejercicio de la acción resolutoria, el pago a la demandada de los plazos vencidos, por lo que a nuestro juicio actuó correctamente la corte inferior al declarar sin lugar la excepción previa.

■ Los cuatro errores siguientes pueden tratarse conjuntamente. Se refieren a preguntas formuladas por los demandantes a sus testigos Luciano R. Fuertes y Ramón Morales y a las resoluciones de la corte negándose a eliminar las respuestas. La primera de esas preguntas fué la siguiente:

"En relación con la operación de compraventa de dos fincas en el barrio Peña Pobre del término municipal de Naguabo, adquiridas por la escritura núm. 131, *Exhibit* 1 de los demandantes, ¿puede informar usted, puede declarar usted qué se convino referente a la cancelación de los gravámenes que menciona esa escritura? Puede refrescar su memoria leyendo la escritura si quiere, y en qué forma se convino."

La segunda fué:

"Al firmarse esa escritura, señor Morales, al leer y firmar dicha escritura, ¿solicitó algo el señor Fuertes en relación con la cancelación de esos gravámenes y la inscripción del expediente de dominio a que se refiere esa escritura?"

Ambos testigos declararon sobre un convenio oral entre los compradores y la vendedora efectuado al tiempo de firmarse la escritura de compraventa y con motivo de ella, por virtud del cual, la sociedad demandada escribiría una carta a los demandantes fijando un término de tres o cuatro meses para cancelar los gravámenes y terminar e inscribir el expediente de dominio. Sostiene la parte apelante que ambas

preguntas eran inadmisibles porque constando todas las condiciones de la compraventa en la escritura otorgada al efecto, no cabe, excepto en algunos casos, evidencia alguna de ellas fuera de lo contenido en el documento. Se invocan los artículos 25 y 28 de la Ley de Evidencia, que leen así:

"Artículo 25.—Cuando las condiciones de un convenio se hayan consignado por las partes en un documento, se considerará que contiene éste todas dichas condiciones, por lo que no cabrá entre las . partes y sus representantes o sucesores en interés, evidencia alguna de las condiciones del convenio, fuera de lo contenido en el documento, excepto en los siguientes casos:

"1. Cuando una equivocación o imperfección en el documento fuere alegada en el litigio.

"2. Cuando la validez del convenio constituyere el hecho controvertido.

"Pero este artículo no excluye otra evidencia de circunstancias bajo las cuales fuere hecho el convenio, o con las cuales se relacionare, según lo definido en el artículo veinte y ocho, o para explicar una ambigüedad extrínseca, o probar ilegalidad o fraude. La palabra 'convenio' incluye escrituras y testamentos, así como contratos entre las partes."

"Artículo 28.—Para la debida interpretación de un documento, las circunstancias bajo las cuales fuese otorgado, incluso la situación del objeto a que se contrayere, así como la de las partes, podrán también demostrarse, a fin de que el juez se coloque en la situación de las personas cuyo lenguaje estuviere llamado a interpretar."

No hubo, a nuestro juicio, error alguno en la admisión de tales declaraciones. Ellas no varían, ni modifican ni alteran en forma alguna el instrumento escrito. Eran admisibles como prueba de un convenio coetáneo entre las mismas partes, sobre un punto en que el contrato escrito se dejó incompleto por voluntad expresa de los contratantes, con la intención de completarlo mediante convenio por separado. La prueba presentada por los demandantes para establecer el convenio sobre fijación de plazo para la cancelación de gravámenes e inscripción del expediente, es amplia y suficiente; y del récord no aparece que fuera controvertida en

manera alguna por la parte demandada. En la obra "Jones on the Law of Evidence" encontramos lo que sigue:

"La regla general que discutimos no se infringe al permitir la presentación de evidencia oral sobre el contenido de un convenio distinto, válido y contemporáneo entre las partes, que no fué puesto por escrito, cuando dicho convenio no está en conflicto con los términos del contrato escrito. (Sección 439, página 552.) Pocket ed.

"Cuando un escrito, aun cuando contenga un contrato, está manifiestamente incompleto, y no revela la intención de las partes de incluir en él la totalidad del convenio, sino simplemente definir algunos de sus términos, dicho escrito es concluyente en cuanto a la parte por él cubierta. Pero aquellas partes del verdadero convenio, que no estén comprendidas dentro del instrumento escrito, pueden ser establecidas por evidencia oral." Sección 440, pág. 553, handbook ed.

En el sexto error se le imputa a la corte *a quo* haber aplicado indebidamente el artículo 1077 del Código Civil de Puerto Rico (ed. 1930). Argumentándolo, dice la apelante que el citado artículo no puede interpretarse aisladamente, sino relacionándolo con el 1242 y 1246 del mismo cuerpo legal, que son fuente y origen de la acción ejercitada aquí. Dichos artículos leen así:

"Artículo 1077.—La facultad de resolver las obligaciones se entiende implícita en las recíprocas, para el caso de que uno de los obligados no cumpliere lo que le incumbe.

"El perjudicado podrá escoger entre exigir el cumplimiento o la resolución de la obligación, con el resarcimiento de daños y abono de intereses en ambos casos. También podrá pedir la resolución, aun después de haber optado por el cumplimiento, cuando éste resultare imposible.

"............................................."

"Artículo 1242.—Los contratos válidamente celebrados pueden rescindirse en los casos establecidos por la ley.

"............................................."

"Artículo 1246.—La acción de rescisión es subsidiaria; no podrá ejercitarse sino cuando el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio."

Por ende, arguye la apelante, gravada una de las dos fincas adquiridas por los demandantes, con cargas que también pesaban sobre otra principal de la cual es segregación, perteneciente a la United Porto Rican Sugar Co. of Puerto Rico, la obligación de cancelar recaía en ésta y no en la apelante, por lo que no podía solicitarse la rescisión, que es una acción subsidiaria, sin antes exigir que se fijara un plazo para realizar lo convenido.

La falta de fundamento de tal argumentación es por demás patente. La cláusula sexta de la escritura de compraventa dice:

"Sexta.—La sociedad vendedora queda obligada a cancelar los gravámenes que pesan sobre la primera finca vendida, así como también a terminar e inscribir el expediente de dominio que se está tramitando de la otra finca."

La demandada, como vendedora, asumió libremente la obligación de trasmitir a los compradores el título sobre los inmuebles, libre de los gravámenes que en la fecha de la escritura existían sobre ellos. Y el hecho de que la finca principal, de la que se segregó la vendida a los demandantes, haya pasado a ser propiedad de otra persona. no excusa a la demandada del cumplimiento de las obligaciones que contrajo a virtud de la cláusula sexta arriba transcrita.

Tampoco estaban los demandantes impedidos de ejercitar la acción rescisoria debido al carácter de subsidiaria que el artículo 1246 del código le reconoce, sin exigir antes que se fijara un plazo para que la demandada llevara a efecto lo convenido.

El artículo 1243 del Código Civil no circunscribe los contratos rescindibles a los cuatro primeros que enumera. Por el contrario, permite, por el párrafo quinto, la rescisión de cualesquiera otros en que especialmente lo determine la ley. Véase 8 Manresa, Comentarios al Código Civil español, segunda edición corregida, página 730. Entre otros especialmente determinados por ley, se encuentra el caso previsto por

el artículo 1077 del mismo código, que es base de la acción ejercitada por estos demandantes. Ni a estos casos especialmente determinados por ley, ni a aquellos otros que se rescinden por voluntad expresa de una de las partes o de las dos, les es aplicable el artículo 1246 de nuestro código, que da a la acción rescisoria el carácter de subsidiaria y limita su ejercicio a casos en que el perjudicado carezca de todo otro recurso legal para obtener la reparación del perjuicio. Su aplicación está limitada a los cuatro casos enumerados en el artículo 1243.

"*Casos no enumerados en la ley. Rescisión convencional.*—Con mayor o menor impropiedad de lenguaje suele llamarse *rescisión* a la resolución de un contrato, con arreglo a las cláusulas del mismo, por voluntad de una de las partes o de las dos. Acerca de esos casos, y refiriéndose especialmente al art. 1294, se ha dicho que 'dicho artículo, como los que le preceden y siguen, se refiere a los contratos rescindibles, con arreglo a la ley, y no es aplicable a la rescisión de aquéllos en que los interesados, en uso de su voluntad soberana en esta materia, establecen una condición resolutoria, de cuyo cumplimiento depende la subsistencia del contrato' (sentencia de 24 de abril de 1901).

"Entran en lo que llamamos la rescisión convencional, las condiciones resolutorias, el plazo de esta índole y la facultad de desistimiento por cualquiera de las partes, y no se relacionan con la rescisión de que tratamos más que para distinguirlas de ella, como hace la sentencia anotada.

"Los otros casos que la ley enumera son muy variados; los más frecuentes se refieren a la compraventa, y el más general es el del art. 1124, para el supuesto de incumplimiento en las obligaciones recíprocas. Es de notar que para estos casos apenas es aplicable el capítulo que comentamos; no suponen la intervención de terceros; no exigen (ejemplo, el citado 1124) la lesión para los contratantes, y de ordinario, lejos de ser acciones subordinadas a otras, cabe optar entre la rescisoria y alguna distinta." 8 Manresa, Comentarios al Código Civil español, 2da. ed., corregida y aumentada, págs. 734-735.

Más claramente lo dice el mismo comentarista en sus comentarios al artículo 1294 del Código Civil español, igual al 1246 del nuestro, donde se expresa así:

"Expusimos ya con motivo del art. 1290 que este artículo no era aplicable, ni a la rescisión convencional, ni, por lo tanto, a las que fuera de este capítulo enumera la ley; y recordándolo así, pasamos a examinar algunas aplicaciones especiales que puede recibir, según los distintos casos enumerados por el artículo 1291."

No siendo subsidiaria la acción de los demandantes, no tenían por qué exigir, antes de ejercitarla, que se fijara un plazo dentro del cual pudiera la demandada cumplir las obligaciones que para el contrato de compraventa se impuso.

Debe desestimarse el sexto señalamiento de error.

En el séptimo señalamiento ataca la apelante la sentencia por ser a su juicio contraria a la prueba. Hemos leído la exposición del caso preparada por la demandada, y el resumen de la evidencia que ella contiene es suficiente para que resolvamos que la sentencia está ampliamente sostenida por la prueba.

*La sentencia debe ser confirmada.*

El Juez Asociado Señor Córdova Dávila no intervino.